IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., UNILOC LUXEMBOURG, S.A., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| AVG TECHNOLOGIES USA, INC., | § § § | CIVIL ACTION NO. 2:16-CV-00393-RWS (LEAD) |
| BITDEFENDER, LLC | § § § | CIVIL ACTION NO. 2:16-CV-00394-RWS |
| Defendants. | § | |

**ORDER**

Before the Court are Defendant Bitdefender, LLC's ("Bitdefender") Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Docket No. 257) and Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A.'s (collectively, "Uniloc") Motion to Stay Pending Appeal in a Related Matter (Docket No. 260). Having considered the parties' arguments and for the reasons set forth below, the Court **GRANTS** Bitdefender's motion and **DENIES** Uniloc's motion.

Uniloc filed a Complaint against Bitdefender alleging infringement of U.S. Patent No. 6,510,466 ("the '466 Patent") and U.S. Patent No. 6,728,766 ("the '766 Patent"). The Court invalidated some, but not all, of the claims of the '466 and '766 Patents asserted in this case. *See* Docket No. 129 (Memorandum Opinion and Order granting-in-part and denying-in-part Defendants' motions to dismiss). Six months later, in a related cause of action, *Uniloc v. ADP, LLC*, 2:16-cv-741 ("*ADP*"), the Court invalidated additional claims of the '466 and '766 Patents.

In response to the Court's decision in *ADP*, Bitdefender filed a motion for judgment on the pleadings pursuant to Rule 12(c), requesting that the Court dismiss all claims by Uniloc against

Bitdefender and enter final judgment on the basis that Uniloc is now collaterally estopped from asserting its remaining claims of the patents-in-suit against Bitdefender. Docket No. 257. Uniloc does not dispute that all of the claims asserted against Bitdefender in this case have been found to be drawn to ineligible subject matter. Docket No. 260 at 2. Uniloc also agrees that, unless and until that determination is vacated, Uniloc is estopped from further asserting its remaining claims against Bitdefender. *Id.* However, rather than responding to Bitdefender's motion, Uniloc has filed a cross-motion to stay this case pending the resolution of the appeal in the *ADP* case. *Id.* Uniloc argues that if the Federal Circuit reverses in *ADP*, then the parties can "simply pick up where they left off," and if the Federal Circuit affirms the *ADP* Order, then the Court would enter judgment in this case at that time. *Id.*

In response to Uniloc's motion to stay, Bitdefender argues that a judgment on the pleadings is the most efficient course of action because it would allow the Federal Circuit to consider the overlapping claims at issue in this case and in the *ADP* case at the same time. Docket No. 262 at 2. According to Bitdefender, a stay would prolong this case by several years, ensure multiple appeals, and create additional work for both the Federal Circuit and this Court. *Id.* Bitdefender also contends that it should be permitted to defend the Court's invalidity dispositions in this case on appeal. *Id.* at 3. Bitdefender notes that appearing as an amicus in the *ADP* appeal, as suggested by Uniloc, would still deprive Bitdefender from participating as an appellee on the merits of this case and from participating in oral argument. *Id.* Moreover, Bitdefender argues that staying this case would unfairly prevent Bitdefender from timely filing a motion for attorney's fees under 35 U.S.C. § 285 and would result in piecemeal appeals over the course of several years. *Id.* at 4 (citing *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1363 (Fed. Cir. 2012) ("The prudential way to avoid

'piecemeal appeals' is for the district court to 'promptly' hear and decide claims for attorney's fees.")).

Uniloc offers no compelling arguments for why a stay should be granted over a judgment on the pleadings. Though Uniloc maintains that Bitdefender may still participate in the *ADP* appeal by working with the defendants in that case, this does not obviate Bitdefender's interest in being heard on appeal on the merits of *this* case. *See DietGoal Innovations LLC v. Chipotle Mexican Grill, Inc.*, 70 F. Supp. 3d 808, 815–16 (E.D. Tex. 2014) (Bryson, J., sitting by designation) ("The Court is not disposed to deprive the defendants of the opportunity to argue the merits of their preferred arguments as to the section 101 issue to the Federal Circuit, rather than relying entirely on the defendant in the *Bravo* case to make those arguments for them."). Furthermore, Uniloc's argument that a motion for fees at this stage would be a greater waste of time, money, and judicial resources than if the Court considered all of these issue at once is unsupported by any evidence or authority.

The Court is persuaded that the more prudent course of action in this case is to enter a judgment on the pleadings. Accordingly, Bitdefender's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Docket No. 257) is **GRANTED** and Uniloc's Motion to Stay Pending Appeal in a Related Matter (Docket No. 260) is **DENIED**.

It is, therefore, **ORDERED** that all claims asserted by Uniloc against Bitdefender are **DISMISSED WITH PREJUDICE**.

Any remaining motions between Uniloc and Bitdefender not previously granted are hereby **DENIED AS MOOT.**

The Clerk of the Court is directed to terminate Bitdefender (2:16-cv-394) from the Lead case (2:16-cv-393). The Clerk of the Court is further directed to close this member case (2:16-cv-394).

**SIGNED this 18th day of December, 2017.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE